NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 4 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| YAN JUN SANG, | No.   16-71172 |
| Petitioner, | Agency No. A205-908-195 |
| v. | |
| ROBERT M. WILKINSON, Acting Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 2, 2021**
San Francisco, California

Before:  BALDOCK,*** WARDLAW, and BERZON, Circuit Judges.

Yan Jun Sang, a native and citizen of China, petitions for review of a Board

of Immigration Appeals ("BIA") decision affirming the Immigration Judge's ("IJ")

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Bobby R. Baldock, United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

denial of his application for withholding of removal and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

Substantial evidence supports the BIA's conclusion that the IJ did not clearly err in making its adverse credibility finding. The IJ provided five "specific and cogent reason[s]," *Shrestha v. Holder*, 590 F.3d 1034, 1042 (9th Cir. 2010), supporting its determination that Sang was not credible: (1) Sang repeated the same phrases in response to questioning, suggesting he was regurgitating a memorized statement; (2) Sang's oral testimony conflicted with his written declaration, and both were also plagued by internal inconsistences[1]; (3) Sang provided no documentary evidence, such as affidavits or declarations from relatives or fellow church members[2]; (4) Sang's claimed fear of future persecution was undermined by his admission that he voluntarily returned to China twice following trips to Japan and the United States; and (5) Sang's demeanor and

---

[1] For example, Sang provided at least three different dates that he claimed to have been first introduced to Christianity. In his written declaration, Sang attests that a friend "led him to the Church of San Francisco" after arriving in the United States in 2009 because he was "depressed" and "unhappy." On direct examination, however, Sang testified that he first joined the Christian church in July 2013. Even still, on cross examination, Sang testified that he began "spread[ing] Gospel" in China in 2007. When asked about these conflicting dates, Sang could not provide a cogent explanation.

[2] Sang did provide copies of undated photos from his baptism, which had purportedly taken place two days before his hearing before the IJ.

2

nonresponsive testimony also undermined his credibility. When confronted with discrepancies, he "hesitated," "rock[ed] back and forth," and "simply recit[ed] what was already in his declaration or what he previously stated."

We "must uphold an adverse credibility determination 'so long as even one basis is supported by substantial evidence.'" *Lizhi Qiu v. Barr*, 944 F.3d 837, 842 (9th Cir. 2019) (quoting *Rizk v. Holder*, 629 F.3d 1083, 1088 (9th Cir. 2011)). Here, the IJ's cited reasons afford ample support for the IJ's adverse credibility determination, upon which the BIA relied. *See Manes v. Sessions*, 875 F.3d 1261, 1265 (9th Cir. 2017) (per curiam).

Given Sang's glaring credibility issues, substantial evidence supports the BIA's conclusion that Sang did not demonstrate his eligibility for withholding of removal or relief under the CAT.[3] *See id.*; *Almaghzar v. Gonzales*, 457 F.3d 915, 922–23 (9th Cir. 2006).

**DENIED.**

---

[3] On appeal, Sang argues that the "BIA erred in denying [his] application for asylum." However, Sang failed to challenge before the BIA the IJ's determination that he was statutorily barred from applying for asylum. Thus the claim is deemed waived, and we need not address it here.